IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

RONALD SPARKS                                    :
                                                 :
    PLAINTIFF,                                   :
                                                 :
    v.                                           : Civil Action No. 1:23-CV-483-TWT
                                                 :
CHRISTOPHER WOODYARD,                             :
R.W. STEVENS, INC., and                          :
OWNERS INSURANCE COMPANY,                         :
                                                 :
    DEFENDANTS                                   :

## PLAINTIFF'S INITIAL DISCLOSURES

(1) State precisely the classification of the cause of action being filed, a brief factual outline of the case including plaintiff's contentions as to what defendant did or failed to do, and a succinct statement of the legal issues in the case.

**The instant personal injury cause of action stems from the automobile versus tractor-trailer collision which occurred on July 27, 2021. Plaintiff's contentions are that Defendant Woodyard was driving recklessly and failing to keep a proper lookout while following too closely which caused the collision to occur. Defendant Woodyard received a citation for violation of O.C.G.A. § 40-6-49. Plaintiff maintains that Defendant Woodyard was within the course and scope of his employment with Defendant R. W. Stevens, Inc. at the time of the subject collision and Defendant R. W. Stevens, Inc. is vicariously liable for the actions of Defendant Woodyard. Plaintiff also maintains a claim of negligent hiring, training and supervision of Defendant Woodyard by Defendant R. W. Stevens, Inc. Plaintiff maintains claims against owners insurance company under the State's Direct Action Statute, O.C.G.A. § 40-2-112 or O.C.G.A. § 40-2-140.**

(2) Describe in detail all statutes, codes, regulations, legal principles, standards and customs or usages, and illustrative case law which plaintiff contends are applicable to this action.

**O.C.G.A. § 40-6-49**
**O.C.G.A. § 40-6-390**
**O.C.G.A. § 40-2-112**
**O.C.G.A. § 40-2-140**

**Common-law principles of negligence and negligence *per se*.**

(3) Provide the name and, if known, the address and telephone number of each individual likely to have discoverable information that you may use to support your claims or defenses, unless solely for impeachment, identifying the subjects of the information. (Attach witness list to Initial Disclosures as Attachment A.)

**See Attachment A.**

(4) Provide the name of any person who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence. For all experts described in Fed.R.Civ.P. 26(a)(2)(B), provide a separate written report satisfying the provisions of that rule. (Attach expert witness list and written reports to Responses to Initial Disclosures as Attachment B.)

**See Attachment B.**

(5) Provide a copy of, or a description by category and location of, all documents, data compilations or other electronically stored information, and tangible things in your possession, custody, or control that you may use to support your claims or defenses unless solely for impeachment, identifying the subjects of the information. (Attach document list and descriptions to Initial Disclosures as Attachment C.)

**See Attachment C.**

(6) In the space provided below, provide a computation of any category of damages claimed by you. In addition, include a copy of, or describe by category and location of, the documents or other evidentiary material, not

privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature and extent of injuries suffered, making such documents or evidentiary material available for inspection and copying as under Fed.R.Civ.P. 34. (Attach any copies and descriptions to Initial Disclosures as Attachment D.)

**See Attachment D.**

(7) Attach for inspection and copying as under Fed.R.Civ.P. 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in this action or to indemnify or reimburse for payments made to satisfy the judgment. (Attach copy of insurance agreement to Initial Disclosures as Attachment E.)

**See Attachment E.**

(8) Disclose the full name, address, and telephone number of all persons or legal entities who have a subrogation interest in the cause of action set forth in plaintiffs cause of action and state the basis and extent of such interest.

**Plaintiff is currently unaware of any subrogation interests in this matter other than his attorneys, Kaila & Solomon Law Group, LLC and the Georgia Department of Community Health.**

This 20th day of April 2023.

/s/ _____
Shaun Daugherty, Esq.
Georgia Bar No. 205877
Attorney for Plaintiff

Kaila & Solomon Law Group, LLC
d/b/a Guardian Law Group
200 Sandy Springs PL NE Suite 300
Atlanta, GA 30328
shaun@myguardianlaw.com
404-399-1579 (Direct)
770-462-3349 (Fax)

**ATTACHMENT A**
**(Witness List)**

1. Ronald Sparks – Plaintiff
   1015 Calgary Glen Rd., Apt. 1015
   Austell, GA 30168
   404-581-2281

2. Christopher Woodyard – Defendant
   Upon information and belief:
   521 Manoy Dr.
   Jackson's gap, AL 36861
   Telephone number unknown

3. Unidentified Officer from South Fulton Police Department who came to the scene of the collision and completed an investigation and report.

4. Plaintiff's medical providers as identified in the attached medical records.

This matter is in the early stages of development and additional witnesses may be identified through the discovery process.

## ATTACHMENT B
### (Expert Witness List)

Plaintiff identifies his treating physicians, as identified in the attached medical records, as potential witnesses to provide testimony under Fed. R. of Evid. 702, 703 and/or 705.  Plaintiff states that no treating physician has been retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony and, therefore, do not require a report under Fed. R. Civ. P. 26(a)(2)(B).

**ATTACHMENT C**
**(Document List)**

1. Plaintiff identifies his medical records and bills from the following facilities:
   a. American Health Imaging,
   b. Sumner Neurology Assoc., PLLC,
   c. Benchmark Physical Therapy,
   d. Hope Neurology,
   e. Summit Health Clinic,
   f. Wellstar Cobb Hospital,
   g. The Bortolazzo Group,
   h. Quantum Radiology, P.C., and
   i. Safeway Psychological Services.
2. Georgia Motor Vehicle Crash Report dated 7/27/21.
3. The citation and disposition of defendant's citation for following too closely.
4. Commercial Auto Policy Declarations Page for Owners Insurance Company, policy # 53-405-114-00.
5. Photographs of property damage.
6. Paint & body repair estimate and supplements thereto.

Plaintiff states that these are the documents that he is currently aware of and is producing a copy of documents listed in 1, 2, 4 and 5. This matter is in the early stages of investigation and additional documents may be discovered and produced.

**ATTACHMENT D**
**(Calculated Damages)**

As of today's date, Plaintiff claims special damages as follows:

     a.  American Health Imaging – $4450
     b.  Sumner Neurology Assoc., PLLC – $1295
     c.  Benchmark Physical Therapy – $9160.50
     d.  Hope Neurology – $17,587.50
     e.  Summit Health Clinic – $4705
     f.  Wellstar Cobb Hospital – $7080
     g.  The Bortolazzo Group – $935
     h.  Quantum Radiology, P.C. – $332
     i.  Safeway Psychological Services – $2210

Documents reflecting the above referenced amounts are being produced with these initial disclosures.

Plaintiff is also making a claim for compensation related to general damages including past, present, and future pain and suffering, both mental and physical. The amount of such compensation would be left to the enlightened conscience of a well-informed and unbiased jury.

**ATTACHMENT E**
**(Insurance Agreement)**

Plaintiff states that he is producing a copy of the Commercial Auto Policy Declarations Page for Owners Insurance Company, policy # 53-405-114-00. Plaintiff states that he does not have a full copy of the policy at the present time. Defendant Owners Insurance Company is believed to maintain the original of the insurance policy and declaration page.